UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JARNALE HENRY and
MALIK SAUNDERS,

                              Plaintiffs,

           -against-

CITY OF NEW YORK,
SEKOU BOURNE, Individually, and
AFZAL ALI, Individually,

                             Defendants.

--------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

      Plaintiffs JARNALE HENRY and MALIK SAUNDERS, by their attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JARNALE HENRY is a thirty-nine-year-old African-American woman

residing in Queens, New York.

7.     Plaintiff MALIK SAUNDERS is a forty-year-old African-American man residing

in Brooklyn, New York.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants

SEKOU BOURNE and AFZAL ALI were duly sworn police officers of the NYPD and were

acting under the supervision of the NYPD department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On or about April 13, 2013 at approximately 7:30 p.m., plaintiffs JARNALE HENRY and MALIK SAUNDERS were lawfully present inside SAUNDERS' home, Apartment 2L, located on the second floor of 869 Liberty Avenue, a three-story residential and commercial building in Brooklyn, New York.

14.     At that time, HENRY opened the front door to Apartment 2L and was about to exit the apartment.

15.     After opening the door, HENRY noticed defendants SEKOU BOURNE and AFZAL ALI, dressed in all dark clothing, standing outside in the hallway in close proximity to SAUNDERS' apartment.  Neither defendant was wearing a police uniform, nor did they have their NYPD shields displayed.

16.     HENRY asked the defendants, in sum and substance, can I help you?

17.     Neither defendant BOURNE nor defendant ALI responded.

18.     Fearing for her safety, as she did not know that the defendants were police officers, HENRY attempted to re-enter SAUNDERS' apartment.

19.     As HENRY attempted to close and lock the apartment door, defendant BOURNE violently slammed his body into the door and forcefully pushed the door open, thereby causing HENRY to fall to the floor inside SAUNDERS' apartment.

20.     HENRY, who fell on her side, turned onto her back and attempted to scramble away from defendant BOURNE.

21.     Defendant BOURNE jumped on top of HENRY while she was on her back on the

floor.

22.     Defendant BOURNE grabbed HENRY'S legs, touched her chest and torso and yelled, in sum and substance, stay still, what are you selling?

23.     Defendant ALI entered the apartment, removed his gun and illuminated SAUNDERS' kitchen with his flashlight, searching therein.

24.     Defendant BOURNE stood up off of HENRY and allowed HENRY to stand.

25.     Defendants BOURNE and ALI then displayed their police shields and identified themselves as police officers.

26.     Defendant BOURNE placed his hands in HENRY'S jacket pockets and emptied the contents therein.

27.     HENRY did not possess any contraband or any evidence of criminality whatsoever.

28.     The defendants remained in SAUNDERS' apartment for a period of time before both defendants BOURNE and ALI exited the apartment.

29.     Before leaving the location, defendant ALI informed SAUNDERS that he and BOURNE were present inside 869 Liberty Avenue to investigate a complaint concerning excessive noise.

30.     The defendants did not formally arrest anyone inside 869 Liberty Avenue and did not recover any contraband or any evidence of criminality from HENRY or from SAUNDERS' residence.

31.     As a result of the foregoing, HENRY suffered physical injuries, including injuries to her right knee, emotional distress and mental anguish.

32.     All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

33.     Following the incident, HENRY and SAUNDERS filed complaints with the CITY OF NEW YORK's Civilian Complaint Review Board ("CCRB") under complaint no. 201303046.  The CCRB substantiated plaintiffs' allegations, namely, that the defendants abused their authority by entering and searching SAUNDERS' home and searching HENRY'S person.

34.     HENRY and SAUNDERS testified at an NYPD departmental trial with regard to the CCRB complaint.

35.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CCRB) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers; intervening in misconduct committed in their presence by other officers; the use of force; searching individuals; and entering and searching an individual's home.

36.     Defendant CITY OF NEW YORK is further aware that such improper supervision and training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate plaintiffs' civil rights.

37.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiffs JARNALE HENRY and MALIK SAUNDERS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     As a result of the foregoing, plaintiffs JARNALE HENRY and MALIK SAUNDERS sustained, *inter alia*, physical and psychological injuries, emotional distress, mental anguish, embarrassment, humiliation, and deprivation of their liberty and constitutional rights.

44.     As a result of the foregoing, plaintiffs JARNALE HENRY and MALIK SAUNDERS are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 as to defendant BOURNE)

45.     Plaintiff JARNALE HENRY repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The level of force employed by defendant SEKOU BOURNE was excessive, objectively unreasonable and otherwise in violation of plaintiff JARNALE HENRY'S constitutional rights.

47.     As a result of the aforementioned conduct of defendant SEKOU BOURNE, plaintiff JARNALE HENRY was subjected to excessive force and sustained physical injuries and emotional distress.

48.     As a result of the foregoing, plaintiff JARNALE HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against defendant SEKOU BOURNE in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home under 42 U.S.C. § 1983 as to defendants BOURNE and ALI)

49.     Plaintiff MALIK SAUNDERS repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants SEKOU BOURNE and AFZAL ALI unlawfully entered plaintiff MALIK SAUNDER'S home without a warrant authorizing their entry or any lawful justification.

51.     As a result, plaintiff MALIK SAUNDERS' right to be free from an unlawful

entry into the home via the Fourth Amendment was violated.

52.    As a result of the foregoing, plaintiff MALIK SAUNDERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983 as to defendant BOURNE)

53.    Plaintiff JARNALE HENRY repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendant SEKOU BOURNE unreasonably searched plaintiff JARNALE HENRY'S person.

55.    Defendant SEKOU BOURNE unreasonably searched plaintiff JARNALE HENRY'S person, thereby causing plaintiff JARNALE HENRY to suffer emotional distress, embarrassment and humiliation.

56.    As a result of the foregoing, plaintiff JARNALE HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against defendant SEKOU BOURNE in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983 as to defendant ALI)

57.    Plaintiff MALIK SAUNDERS repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "56" with the same force and effect as if fully set forth herein.

8

58.     Defendant AFZAL ALI unreasonably searched plaintiff MALIK SAUNDERS'
home.

59.     Defendant AFZAL ALI unreasonably searched plaintiff MALIK SAUNDERS'
home, thereby causing plaintiff AFZAL ALI to suffer emotional distress, embarrassment and
humiliation.

60.     As a result of the foregoing, plaintiff MALIK SAUNDERS is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive
damages against defendant AFZAL ALI in an amount to be fixed by a jury, plus reasonable
attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants, collectively and individually, while acting under color of state law,
engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective
municipality/authority, which is forbidden by the Constitution of the United States.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of
the City of New York Police Department included, but were not limited to, police officers failing
to report misconduct of other officers; failing to intervene in misconduct committed in their
presence by other officers; using excessive force against individuals, unlawfully searching
individuals; and unlawfully entering and searching homes without a valid search warrant or
lawful justification.  In addition, the City of New York engaged in a policy, custom or practice of
inadequate screening, hiring, retaining, training and supervising its employees that was the
moving force behind the violation of plaintiffs JARNALE HENRY and MALIK SAUNDERS'

rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JARNALE HENRY and MALIK SAUNDERS.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JARNALE HENRY and MALIK SAUNDERS as alleged herein.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JARNALE HENRY and MALIK SAUNDERS as alleged herein.

67.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JARNALE HENRY was subjected to excessive force and her person was unlawfully searched and plaintiff MALIK SAUNDERS' home was unlawfully entered and searched.

68.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JARNALE HENRY and MALIK SAUNDERS' constitutional rights.

69.     All of the foregoing acts by defendants deprived plaintiffs JARNALE HENRY and MALIK SAUNDERS of federally protected rights, including, but not limited to, the right:

      A.     To be free from excessive force;

      B.     To be free from unlawful entry into her home; and

      C.     To be free from unlawful/unreasonable search.

70.     As a result of the foregoing, plaintiffs JARNALE HENRY and MALIK SAUNDERS are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiffs JARNALE HENRY and MALIK SAUNDERS demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
     April 13, 2016

                        LEVENTHAL LAW GROUP, P.C.
                        *Attorneys for Plaintiffs*
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 556-9600

                    By:     s/_____
                            JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JARNALE HENRY and
MALIK SAUNDERS,

                                        Plaintiffs,

                                                                Index No.:

                -against-


CITY OF NEW YORK,
SEKOU BOURNE, Individually, and
AFZAL ALI, Individually,

                                        Defendants.


------------------------------------------------------------------------X




**COMPLAINT**




**LEVENTHAL LAW GROUP, P.C.**

*Attorneys for the Plaintiffs*
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600